IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

In Re:
Todd David Earle
1290 Bear Creek Road, Culleoka, TN 38451   BK:   20-04779-CW1-13
xxx-xx-3333
Debtor

## NOTICE OF FILING AMENDED PROPOSED CHAPTER 13 PLAN

Comes the debtor through counsel and would give notice of amendment to the debtor's proposed Chapter 13 plan filed in connection with this bankruptcy case. The amended plan is attached hereto and incorporated by reference.

All notices issued in the case applicable to the original plan, including but not limited to the date of the proposed hearing on objections to confirmation of the proposed plan, shall be applicable to the amended plan. If an objection to the proposed Chapter 13 plan is timely filed, a hearing is set for January 22, 2021 at 9:00 a.m. by AT&T conference line number 1-888-363-4749, Access Code 6926390#

Respectfully submitted December 15, 2020.

/s/ J. ROBERT HARLAN
J. Robert Harlan - BPR No. 010466
Harlan, Slocum & Quillen
Attorney for the Debtor
39 Public Square
PO Box 949
Columbia, TN 38402-0949
Phone - 931/381-0660
Fax - 931/381-7627
bob@robertharlan.com

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have mailed a true and exact copy of the foregoing to Todd David Earle, 1290 Bear Creek Road, Culleoka, TN 38451 all creditors, to parties requesting notices, to the Chapter 13 Trustee Henry E. Hildebrand, III and to the U.S. Trustee's Office, by electronic means if available or by placing the same in the U.S. Mail, postage pre-paid, December 15, 2020.

/s/ J. ROBERT HARLAN
J. ROBERT HARLAN - BPR No. 010466
Harlan, Slocum & Quillen

____50____ number of copies mailed

| Debtor | **Todd David Earle** | | ☑ Check if this is an amended plan |
|---|---|---|---|
| United States Bankruptcy Court for the | **MIDDLE DISTRICT OF TENNESSEE** | | |
| | [Bankruptcy district] | | |
| Case number: | | | |

# Chapter 13 Plan

## Part 1: Notices

**To Debtor(s):** This form sets out options that are appropriate in some cases but not in others. The presence of an option does not indicate that the option is appropriate in your circumstances.

**To Creditors:** Your rights are affected by this plan. Your claim may be reduced, modified, or eliminated.

If you oppose the treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 5 days before the meeting of creditors or raise an objection on the record at the meeting of creditors. The Bankruptcy Court may confirm this plan without further notice if no timely objection to confirmation is made. In addition, a timely proof of claim must be filed before your claim will be paid under the plan.

**Debtor(s) must check one box on each line to state whether the plan includes each of the following items. If an item is not checked as "Included" or if both boxes are checked, the provision will not be effective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in § 3.2, which may result in partial payment or no payment to the secured creditor. | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4. | ☑ Included | ☐ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 9. | ☑ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make payments to the trustee as follows:**

| Payments made by | Amount of each payment | Frequency of payments | Duration of payments | Method of payment |
|---|---|---|---|---|
| ☑ Debtor 1<br>☐ Debtor 2 | **$345.00** | **Weekly** | **60** months | ☑ Debtor will make payment directly to trustee<br>☐ Debtor consents to payroll deduction from: |

Insert additional lines as needed.

**2.2 Income tax refunds.**
*Check one.*

☐ Debtor(s) will retain any income tax refunds received during the plan term.

☑ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

**2.3 Additional payments.**
*Check one.*

☑ **None.** If "None" is checked, the rest of § 2.3 need not be completed or reproduced.

**2.4 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.3 is $89,631.00**.

## Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default.** Check one.

☐ **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.
☑ Installment payments on the secured claims listed below will be maintained, and any arrearage through the month of

| Debtor | **Todd David Earle** | Case number | |
|---|---|---|---|

confirmation will be paid in full as stated below. Both the installment payments and the amounts to cure the arrearage will be disbursed by the trustee.

Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below as to the current installment payment and arrearage. After confirmation of the plan, the trustee shall adjust the installment payments below in accordance with any such proof of claim and any Notice of Mortgage Payment Change filed under Rule 3002.1. The trustee shall adjust the plan payment in Part 2 in accordance with any adjustment to an installment payment and shall file a notice of the adjustment and deliver a copy to the debtor, the debtor's attorney, the creditor, and the U.S. Trustee, but if an adjustment is less than $25 per month, the trustee shall have the discretion to adjust only the installment payment without adjusting the payments under Part 2. The trustee is further authorized to pay any postpetition fee, expense, or charge, notice of which is filed under Bankruptcy Rule 3002.1 and as to which no objection is raised, at the same disbursement level as the arrearage.

Confirmation of this Plan imposes on any claim holder listed below the obligation to:

- Apply arrearage payments received from the trustee only to such arrearages.
- Treat the obligation as current at confirmation such that future payments, if made pursuant to the plan, shall not be subject to late fees, penalties, or other charges.

If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

| **Name of Creditor** | **Collateral** | **Current installment payment** (including escrow) | **Amount of arrearage, if any** | **Interest rate on arrearage** (if applicable) | **Monthly payment on arrearage, if any** |
|---|---|---|---|---|---|
| **Shellpoint Mortgage Servicing** | **1290 Bear Creek Road Culleoka, TN 38451 Marshall County Mobile home & 6.51 acres** | $701.24 (3) | Prepetition: $701.24<br>Gap payments: $2,103.72<br>Last month in gap: November, 2020 | 0.00% | Pro rata (6) |

*Insert additional claims as needed.*

**3.2 Request for valuation of security and claim modification.** *Check one.*

  ☐  **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.
    **The remainder of this paragraph will be effective only if the applicable box in§ 1. is checked.**

  ☑  For each claim listed below, the debtor(s) request that the court determine the value of the creditor's interest in any property securing the claim based on the amount stated in the column headed Value securing claim. If this amount exceeds any allowed claim amount, the claim will be paid in full with interest at the rate stated below. If the amount is less than the allowed claim mount, the claim will be paid the full value securing the claim, with interest at the rate stated below.

    The portion of any allowed claim that exceeds the value securing the claim will be treated as an unsecured claim under § 5.1. If the value securing a creditor's claim is listed below as zero or no value, the creditor's allowed claim will be treated entirely as an unsecured claim under § 5.1. The avoidance of any lien because it is not secured by any value must be addressed in Part 9. The mount of a creditor's total claim stated on a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary mount stated below.

    The holder of any claim listed below as secured by any value will retain the lien until the earlier of:

    (a) payment of the underlying debt determined under nonbankruptcy law, or

    (b) discharge under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

    If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

APPENDIX D    Chapter 13 Plan    Page 2

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Case 1:20-bk-04779   Doc 20   Filed 12/15/20   Entered 12/15/20 11:33:56   Desc Main Document   Page 3 of 12

| Debtor | **Todd David Earle** | | | Case number | | | |
|---|---|---|---|---|---|---|---|
| **Name of creditor** | **Estimated amount of creditor's total claim** | **Collateral** | **Value of collateral** | **Amount of claims senior to creditor's claim** | **Value securing claim** | **Interest rate** | **Monthly payment** |
| **Fidelity Bank (4)** | $10,495.80 | 2014 Jeep Wrangler | $20,255.00 | $0.00 | $10,495.80 | 5.7% | $202.00 |
| **First Heritage Credit (4) (Kevin Jones)** | $2,724.63 | Livingroom suite, washer | $2,000.00 | $0.00 | $2,000.00 | 4.25% | $40.00 |

Insert additional claims as needed.

**3.3 Secured claims excluded from 11 U.S.C. § 506.** *Check one.*

    ☑ **None**. If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

**3.4 Lien avoidance**. *Check one.*

    ☐ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.
    **The remainder of this section will be effective only if the applicable box in § 1.2 is checked**

    ☑ The judicial liens or nonpossessory, nonpurchase money security interests listed below impair exemptions to which the debtor(s) would be entitled under 11 U.S.C. § 522(b). The judicial liens or security interests listed below will be avoided to the extent they impair exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim under § 5.1. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan.

| **Information regarding judicial lien or security interest** | **Calculation of lien avoidance** | | **Treatment of remaining secured claim** |
|---|---|---|---|
| **Name of Creditor** **Republic Finance** | a. Amount of lien | $2,238.00 | **Amount of secured claim after avoidance** (line a minus line f) |
| | b. Amount of all other liens | $0.00 | $0.00 |
| | c. Value of claimed exemptions | $100.00 | |
| **Collateral** **Tv** | d. Total of adding lines a, b, and c | $2,238.00 | **Interest rate** (if applicable) 0.00 % |
| **Lien identification** (such as judgment date, date of lien recording, book and page number) **Void Lien 2019** | e. Value of debtor's interest in property | -$100.00 | |
| | f. Subtract line e from line d. | -$2,138.00 | **Monthly plan payment** $0.00 |
| | Extent of exemption impairment *(Check applicable box)* | | |
| | ☑ **Line f is equal to or greater than line a.** The entire lien is avoided *(Do not complete the next column)* | | **Estimated total payments on secured claim** $0.00 |
| | ☐ **Line f is less than line a.** A portion of the lien is avoided. *(Complete the next column)* | | |

Insert additional claims as needed.

**3.5 Surrender of collateral.** *Check one.*

    ☐ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.
    ☑ The debtor(s) surrender to each creditor below the listed collateral. Upon confirmation of this plan the stay under 11 U.S.C. § 362(a) will be terminated as to the collateral only and the stay under § 1301 will be terminated in all respects. Any allowed unsecured claim resulting from disposition of surrendered collateral will be treated as an unsecured claim under § 5.1.

| **Name of Creditor** | **Collateral** | **Anticipated Deficiency** |
|---|---|---|

| Debtor | **Todd David Earle** | Case number | |
|---|---|---|---|
| **Name of Creditor** | **Collateral** | | **Anticipated Deficiency** |
| Ally Financial | 2016 Dodge Challenger<br>Joint with daughter | | $0.00  Surrender interest |

*Insert additional claims as needed.*

---

**Part 4:  Treatment of Priority Claims (including Attorney's Fees and Domestic Support Obligations)**

**4.1 Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be **$4,250.00**. The remaining fees and any additional fees that may be awarded shall be paid through the trustee as specified below. Check one.

☐ The attorney for the debtor(s) shall receive a monthly payment of $.

☑ The attorney for the debtor(s) shall receive available funds.

**4.2 Domestic support obligations.**

**(a) Pre- and postpetition domestic support obligations to be paid in full.** *Check one.*
☑ **None.** If "None" is checked, the rest of § 4.2(a) need not be completed or reproduced.

**(b) Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.** *Check one.*
☑ **None.** If "None" is checked, the rest of § 4.2(b) need not be completed or reproduced.

**4.3 Other priority claims.** *Check one.*
☐ **None.** If "None" is checked, the rest of § 4.3 need not be completed or reproduced.
☑ The priority claims listed below will be paid in full through the trustee. Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below.

| **Name of Creditor** | **Estimated amount of claim to be paid** |
|---|---|
| IRS (7) | $3,855.19 |
| US ATTORNEY | $0.00 |

*Insert additional claims as needed.*

---

**Part 5:  Treatment of Nonpriority Unsecured Claims and Postpetition Claims**

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. Check all that apply.

☐ The sum of $
☑ **10.00** % of the total amount of these claims.
☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

**5.2 Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*

☑ **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

**5.4 Separately classified nonpriority unsecured claims.** *Check one***.**

| Debtor | **Todd David Earle** | Case number | |
|---|---|---|---|

    ☑    **None.** If "None" is checked, the rest of § 5.4 need not be completed or reproduced.

**5.5 Postpetition claims allowed under 11 U.S.C. § 1305.**

    Claims allowed under 11 U.S.C. § 1305 will be paid in full through the trustee.

### Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

    ☑    **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

### Part 7: Order of Distribution of Available Funds by Trustee

**7.1 The trustee will make monthly disbursements of available funds in the order specified. Check one.**
    ☐ **Regular order of distribution:**

  a. Filing fees paid through the trustee

  b. Current monthly payments on domestic support obligations

  c. Other fixed monthly payments

  If available funds in any month are not sufficient to disburse all fixed monthly payments due under the plan, the trustee will allocate available funds in the order specified below or pro rata if no order is specified. If available funds in any month are not sufficient to disburse any current installment payment due under § 3.1, the trustee will withhold the partial payment amount and treat the amount as available funds in the following month.

  *Insert additional lines as needed.*

  d. Disbursements without fixed monthly payments, except under §§ 5.1 and 5.5

  The trustee will make these disbursements in the order specified below or pro rata if no order is specified.

  *Insert additional lines as needed.*

  e. Disbursements to nonpriority unsecured claims not separately classified (§ 5.1)

  f. Disbursements to claims allowed under § 1305 (§ 5.5)

    ☑ **Alternative order of distribution:**

    **1. Filing fee**
    **2. Notice fee**
    **3. Continuing mortgage claim**
    **4. Secured claims**
    **5. Attorney fees**
    **6. Arrears mortgage claim**
    **7. Unsecured priority claim**
    **8. General unsecured claims**
    **9. Post Petition claims allowed pursuant to 11 U.S.C. § 1305**

  *Insert additional lines as needed.*

### Part 8: Vesting of Property of the Estate

| Debtor | **Todd David Earle** | Case number | |
|---|---|---|---|

**8.1 Property of the estate will vest in the debtor(s) upon discharge or closing of the case, whichever occurs earlier, unless an alternative vesting date is selected below. Check the applicable box to select an alternative vesting date:**
*Check the appliable box:*
☐ plan confirmation.
☑ other: **Discharge**

### Part 9: Nonstandard Plan Provisions

☐ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

**Post Petition claims allowed pursuant to 11 U.S.C. § 1305 shall be paid in full but subordinate to the payment of unsecured claims as provided in paragraph 3 of the confirmation order.**

**Part 4.3 - Additional Provisions -Provisions related to payment of priority administrative claim for fees payable to the attorney for the debtor(s).**

The attorney for the debtor(s) shall receive available funds in the amount of $4,250.00.

**Part 3.1 - Provisions Relating to Claims Secured by Real Property Treated Pursuant to § 1322(b)(5).**

1. Apply the payments received from the Trustee on preconfirmation arrearages only to such arrearages. For the purposes of this Plan, the "preconfirmation" arrears shall include all sums included in the allowed proof of claim plus any postpetition preconfirmation payments du under the underlying mortgage obligaion not specified in the allowed proof of claim. Monthly on going mortgage payments shall be paid by the trustee commencing wiht the later of the month of confirmation or the month in which a proof of claim itemizing the arrears is filed by such claimholder.

2. Treat the mortgage obligations current at confirmation such that future payments, if mad pursuant to the plan, shall not be subject to late fees, penalties or other charges.

3. The trustee may adjust the post confirmation regular payments noted in Part 3.1 and payments to the plan in Part 2 in accordance with a Notice of Mortgage Payment Change filed under Bankruptcy Rule 3002.1 upon filing a notice of such adjustment with the court and delivering a copy to the debtor, the debtor's attorney, the creditor, and the U.S. Trustee.

### Part 10: Signatures:

X /s/ J.Robert Harlan                    Date
  **J. Robert Harlan**
**Signature of Attorney for Debtor(s)**

X                                          Date
  **Todd David Earle**

X                                          Date

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

**By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the form required under the Local Rules for the Bankruptcy Court for the Middle District of Tennessee, other than any nonstandard provisions included in Part 9.**

TODD DAVID EARLE
1290 BEAR CREEK ROAD
CULLEOKA TN 38451

J. ROBERT HARLAN
HARLAN, SLOCUM & QUILLEN
39 PUBLIC SQUARE
PO BOX 949
COLUMBIA, TN 38402-0949

ACCELERATED RECEIVABLES SOLUTIONS
ATTN: BANKRUPTCY
2223 BROADWAY
SCOTTSBLUFF NE 69361

ACCELERATED RECEIVABLES SOLUTIONS
PO BOX 70
SCOTTSBLUFF NE 69363-0070

AFNI
P.O. BOX 3427
BLOOMINGTON IL 61702

ALCOA BILLING CENTER
3429 REGAL DRIVE
ALCOA TN 37701-3265

ALEXANDRIA EARLE
1290 BEAR CREEK ROAD
CULLEOKA TN 38451

ALLY FINANCIAL
PO BOX 130424
SAINT PAUL MN 55113-0040

AMERICAN EXPRESS
ATTN: CUSTOMER SERVICE
PO BOX 981535
EL PASO TX 79998-1535

AMERIS BANK
3 CORPORATE SQUARE
ATLANTA GA 30329

BAY AREA CREDIT SERVICE
P O BOX 467600
ATLANTA GA 31146

BEST BUY CREDIT SERVICES
PO BOX 790441
SAINT LOUIS MO 63179

CAPITAL ONE
ATTN: BANKRUPTCY
PO BOX 30285
SALT LAKE CITY UT 84130

CENTENNIAL MEDICAL CENTER
PO BOX 740757
CINCINNATI OH 45274-0757

CREDIT COLLECTION SERVICE
ATTN: CORRESPONDENCE
PO BOX 9134
NEEDHAM HEIGHTS MA 02494-9134

ENGS COMMERCIAL FINANC
1 PIERCE PL STE 1100
ITASCA IL 60143

EQUIFAX INFORMATION SERVICES LLC (1)
PO BOX 740256
ATLANTA GA 30374

EXPERIAN (2)
PO BOX 4500
ALLEN TX 75013

FIDELITY BANK
PO BOX 105690
ATLANTA GA 30348

FINGERHUT
ATTN: BANKRUPTCY
PO BOX 1250
SAINT CLOUD MN 56395

FIRST HERITAGE CREDIT
208 WEST FIFTH STREET
COLUMBIA TN 38401

FIRST NATIONAL BANK OF OMAHA
ATTN: BANKRUPTCY
1620 DODGE ST STOP CODE 3129
OMAHA NE 68197

HERITAGE SOUTH
P.O. BOX 1219
SHELBYVILLE TN 37162

HERITAGE SOUTH COMMUNITY CREDIT UNION
ATTN: BANKRUPTCY
PO BOX 1219
SHELBYVILLE TN 37162

```
HRRG
P.O. BOX 8486
POMPANO BEACH FL 33075-8486

IRS
PO BOX 7346
PHILADELPHIA PA 19101-7346

KOHLS/CAPITAL ONE
ATTN: CREDIT ADMINISTRATOR
PO BOX 3043
MILWAUKEE WI 53201

LAPCORP
PO BOX 2240
BURLINGTON NC 27216

MACY'S
BILLING INQUIRIES
PO BOX 8066
MASON OH 45040

MARSHALL MEDICAL CENTER
PO BOX 1609
LEWISBURG TN 37091

MAURY REGIONAL MEDICAL CENTER
1224 TROTWOOD AVE
COLUMBIA TN 38401

MEDICREDIT INC
PO BOX 1629
MARYLAND HEIGHTS MO 63043-0629

MERCER
1128 WEST MAIN STREET
LOUISVILLE KY 40203

MICHELE EARLE
1290 BEAR CREEK ROAD
CULLEOKA TN 38451

NAB
PO BOX 198988
NASHVILLE TN 37219

NPAS, INC.
PO BOX 99400
LOUISVILLE KY 40269

NTHRIVE
PO BOX 58015
RALEIGH NC 27658-3000
```

```
PRA RECEIVABLES MANAGEMENT, LLC
PO BOX 41021
NORFOLK VA 23541

REPUBLIC FINANCE
ATTN BANKRUPTCY
282 TOWER RD
70454 TN 38401

RESURGENT CAPITAL SERVICES
PO BOX 1927
GREENVILLE SC 29602

SE EMERGENCY
PO BOX 634706
CINCINNATI OH 45263

SHELLPOINT MORTGAGE SERVICING
CUSTOMER SERVICE
PO BOX 10826
GREENVILLE SC 29603-0826

SOUTHERN RADIOLOGY
PO BOX 3239
INDIANAPOLIS IN 46206-3239

ST. THOMAS WEST HOSPITAL
PO BOX 501052
SAINT LOUIS MO 63150-1052

STEVEN D. LIPSEY
LIPSEY, MORRISON, WALLER & LIPSEY, P.C.
1430 ISLAND HOME AVENUE
KNOXVILLE TN 37920

SYNCHRONY BANK
ATTN: BANKRUPTCY
PO BOX 965060
ORLANDO FL 32896

SYNCHRONY BANK/LOWES
ATTN:  BANKRUPTCY
PO BOX 965060
ORLANDO FL 32896

TRANSUNION CONSUMER SOLUTIONS(3)
PO BOX 2000
CHESTER PA 19016-2000

US ATTORNEY
110 9TH AVE S #A-961
NASHVILLE TN 37203
```

```
VERIZON WIRELESS
ATTN: BANKRUPTCY
500 TECHNOLOGY DR, SUITE 550
WELDON SPRING MO 63304
```